CHARLES H. WARREN *et al.* *vs.* PROVIDENCE TOOL CO. *et al.*

PROVIDENCE—NOVEMBER 29, 1899.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Equity Pleading and Practice. Interested Parties.*

In a creditor's bill to enforce stockholders' statutory liability, brought against a trustee, the *cestuis que trustent* are interested parties within the contemplation of Gen. Laws R. I. cap. 240, § 16, and have the right to come in as parties to the suit. Their interest is direct, and not simply consequential or remote.

BILL IN EQUITY by creditors to enforce the stockholders' liability against a number of the stockholders of the Providence Tool Company. Among the respondents to the suit was a surviving trustee under a will. Certain of the *cestuis que trustent* under the trust created by the will petitioned the court to be allowed to intervene as parties respondent to the suit, under the provisions of Gen. Laws R. I. cap. 240, § 16. Heard on motion of complainants to dismiss petition. Motion denied and petition granted.

(1) PER CURIAM. The general rule in regard to parties in equity suits was stated in *Burrill* v. *Garst*, 19 R. I. 38. See

also *D' Wolf* v. *D' Wolf*, 4 R. I. 450 ; *Quidnick Co.* v. *Chafee*, 13 R. I. 367, 396.   A distinction is made in *Burrill* v. *Garst* between necessary and interested parties.   We think that the *cestuis que trust* in this case are interested parties, for the reason that the estate which is sought to be charged is their estate as beneficiaries in the hands of the trustees.   Their interest is direct, and not simply consequential or remote. Therefore, under Gen. Laws, cap. 240, § 16, they have the right to come in as parties.   The plain intent of the statute is to admit persons who are not necessary parties, since other-wise it could have no effect because necessary parties must always be parties to the suit.

The motion to admit is granted.

*Tillinghast & Tillinghast*, for complainants.

*Edwards & Angell*, for persons asking to intervene.